Aaron C. Gundzik (State Bar No. 132137)
Rebecca G. Gundzik (State Bar No. 138446)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Telephone: (213) 542-2100
Facsimile:  (213) 542-2101

MARSHALL A. CASKEY (State Bar No. 65410)
DANIEL M. HOLZMAN (State Bar No. 176663)
CASKEY & HOLZMAN
24025 Park Sorrento, Ste. 400
Calabasas, CA  91302
Telephone: (818) 657-1070
Facsimile:  (818) 297-1775

Attorneys for Plaintiff Alexis Maitchoukow,
Individually and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS MAITCHOUKOW, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>            vs.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC.,  a Georgia corporation, and FIS MANAGEMENT SERVICES, LLC,  a Delaware limited liability company, DOES 1 through 25,<br><br>        Defendants. | Case No.: 2:16-CV-7632<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1.  **Violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**<br>2.  **Violation of Labor Code §§510 and 1194 (Failure to Pay Overtime)**<br>3.  **Violation of Labor Code §§ 226.7(b) and 512(a) (Failure to Authorize Compliant Meal and Rest Breaks)**<br>4.  **Violation of Labor Code § 226(a) (Inaccurate Wage Statements)**<br>5.  **Violation of Labor Code §§201 and 202  (Failure to Pay Unpaid Wages at Time of Discharge)**<br>6.  **Violation of Business & Professions Code §§ 17200 _et seq_.**<br>7.  **Conversion**<br>**Jury Trial Demanded** |

## **PRELIMINARY STATEMENT**

1.    This is a collective and class action brought by Individual and Representative Plaintiff Alexis Maitchoukow, on his own behalf and on behalf of the proposed classes identified below. Plaintiff and the putative class members were or are employed by Defendants Fidelity National Information Services, Inc. and FIS Management Services, LLC, certain Doe Defendants, or their predecessors-in-interest (collectively "Defendants"). Plaintiff and the putative class members were or are employed as systems administrators senior and hardware planners who both did the same job and were misclassified as exempt and therefore erroneously denied overtime, meal and rest period compensation as required by state and federal wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.    The Collective Class (FLSA) is made of all persons who are or have been employed by Defendants with the title "Systems Administrators Senior" and/or "Hardware Planner" who were misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3.    The Systems Administrator Class (Rule 23) is made up of all persons who are or have been employed by Defendants as "Systems Administrators Senior" and/or "Hardware Planner" who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, within the State of California within the period four years prior to the filing date of this Complaint ("the California Class Period").

CLASS ACTION COMPLAINT

4.    During the Collective Class Period and the Class Period, Defendants failed to pay overtime, meal and rest period compensation to each member of the Classes as required by state and federal law.  Plaintiff seeks relief for the Proposed Classes pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"). Plaintiff also seeks relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages and premiums due, to pay appropriate overtime compensation, to provide and authorize meal and rest periods, and to maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

5.    Individual and representative Plaintiff Alexis Maitchoukow is an individual and resident of West Covina, California.  Plaintiff was employed by Defendants as a Hardware Planner and non-exempt hourly employee in Los Angeles County, California between February of 2011 and January of 2013 and was employed as a Systems Administrator Senior and non-exempt hourly employee in Los Angeles County, California between January 2013 and February of 2015.  Although his job title changed during the term of his employment for Defendants, his job duties did not. Plaintiff brings his claims on behalf of himself and the Collective and California Class.

6.    Upon information and belief, Defendant Fidelity National Information Services, Inc. ("FIS") is a Georgia corporation whose stock is publicly traded and is a corporation doing business in the United States and maintaining branches in states throughout the United States, including facilities throughout California, and including business through its subsidiary, FIS Management Services, LLC in California.  Plaintiff is informed and believes that FIS serves more than 14,000 institutions in over 100 countries, employs

more than 40,000 people worldwide, is a member of the Fortune 500 and is a member of Standard & Poor's 500® Index.

7.   Upon information and belief, Defendant FIS Management Services, LLC ("FIS Management") is a Delaware corporation doing business in the United States and operating throughout California, and has significant contacts with the state of California and in the Central District and has numerous employees located and working in the District.

8.   Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under such fictitious names.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes, and based thereon, alleges that each of said fictitious Defendants are and were responsible in some manner for the injuries complained of herein.

9.   Plaintiff is informed and believes and thereon alleges that each of the Defendants herein was, at all times relevant to this action, an agent, employee, representing partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq*. The representative Plaintiff has signed a consent form to join this lawsuit, a copy of which is attached as Exhibit A. This Court also has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT

11.     Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Defendants employed Plaintiff and other putative class members in the Central District and because a substantial part of the events giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under FLSA 16(b), 29 U.S.C. 216(b).  The employees similarly situated as the Collective Class are:

All persons who are or have been employed by Defendants as "Systems Administrators Senior" and/or "Hardware Planner" who were misclassified as exempt and therefore erroneously denied overtime, meal and rest period compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (hereafter the "Collective Class").

13.     Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without overtime compensation.  Although the shift of Plaintiff and the Collective Class was 8 hours long, Plaintiff and the Collective Class were required to work 55-60 hours per week on average, and were often on call during nights and weekends.  They were expected, as part of their regular job duties, to keep their cellular telephones with them at all times and were regularly required to respond to telephone calls, texts and emails after their shifts ended.  Additionally, Plaintiff and the Collective Class were each required to be on call many nights and weekends, and were but were not paid any additional amounts for that work. Defendants' unlawful conduct has been widespread, repeated and consistent.

14.     Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay and that Plaintiff and the Collective Class were not subject to the administrative exemption in 29 C.F.R. §541.200 *et seq*. or the computer employee exemption in 29 C.F.R. §541.400 *et seq*.  Defendants have operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

15.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

16.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and on behalf of the Systems Administrator Senior class, defined as follows:

All persons who are or have been employed by Defendants as "Systems Administrators Senior" and/or "Hardware Planner" who were misclassified as exempt and therefore erroneously denied overtime, meal and rest period compensation, as required by state wage and hour laws, and/or were not fully paid for overtime hours worked (required to work "off-the-clock"), within the State of California within the period

four years prior to the date of the filing of this action (hereafter the "Proposed Class").

18. <u>Numerosity</u>:  The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during relevant time period, Defendants employed over 50 people who satisfy the definition of the Proposed Class within the State of California.

19. <u>Typicality</u>:  Plaintiff's claims are typical of the members of the Proposed Class.  Plaintiff is informed and believes that, during the Class Period, each employee of Defendants who worked as a "Systems Administrator Senior" and/or "Hardware Planner" employed by Defendants performed the same job duties and was routinely required to work through meal and rest periods, and/or was required to work overtime hours without compensation ("off-the-clock").  Plaintiff had the same duties and responsibilities as other members of the Class, all of whom worked as information technology support personnel whose primary duties consisted of installing, configuring, testing, and troubleshooting computer applications, networks and hardware.  Plaintiff and the Proposed Class were subject to Defendants' policy and practice of improperly treating and classifying employees in these positions as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with state laws, and failing to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals.

20. <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate Defendants.  Prosecuting numerous identical, individual

lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

21. <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Proposed Class, and he has retained counsel experienced in complex wage and hour class and collective action litigation.

22. <u>Commonality</u>:  Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A.    Whether Defendants improperly classified the members of the Proposed Class as exempt;

    B.    Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of state wage and hour laws;

    C.    Whether Defendants employed Plaintiff and the Proposed Class within the meaning of the applicable state labor laws;

    D.    Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state labor laws;

    F.    Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff and the Proposed Class in violation of state labor laws;

    G.    Whether Defendants provided adequate itemized wage statements to Plaintiff and the Proposed Class pursuant to state labor laws;

    H.    The proper measure of damages sustained by the Proposed Class; and

    I.    Whether Defendants' actions were "willful."

23.     This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standard of conduct for Defendants.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interests of other individuals not party to this action, impeding their ability to protect their interests.

24.     This case is also maintainable as a class action under Fed R. Civ. P. 23(b)(2) because Defendants have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

25.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled.  The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. Accordingly, pursuant to Fed. R. Civ. P. 23(b)(3)(A) the class members will be better served by a class action than they would be by separate individual actions.  Plaintiff is unaware of any litigation concerning the controversy already begun by or against Proposed Class members, and thus this factor weighs in favor of class certification under Fed. R. Civ. P. 23(b)(3)(B). The Court should also find that this Court is a desirable forum for the litigation,

pursuant to Fed. R. Civ. P. 23(b)(3)(C), in that Defendants have offices located in the Central District.   Finally, certification is warranted under Fed. R. Civ. P. 23(b)(3)(D) in that maintaining this action as a class action will be manageable in that Defendants' policies of improperly treating the Proposed Class as exempt will be easily determined by means of basic discovery and reference to the findings of U.S. Department of Labor, in its opinion letter dated October 26, 2007, a copy of which is attached hereto in Exhibit "B," pursuant to which the positions held by Plaintiff and the Collective Class are non-exempt and are covered by the minimum wage and overtime provisions of the FLSA.

26.   Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23.  The names and address of the Proposed Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Compensation in Violation of Fair Labor Standards Act)

(Against all Defendants)

27.   Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-26, inclusive.

28. Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent form is attached hereto in Exhibit "B."  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

29.   At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class.  At all relevant times, upon

information and belief, each Defendant corporation has had gross operating revenues in excess of $500,000.00.

30.    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

31.    During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked as information technology support personnel whose primary duties consisted of installing, configuring, testing, and troubleshooting computer applications, networks and hardware.  Plaintiff and the other Collective Class members were not subject to the administrative exemption in 29 C.F.R. §541.200 *et seq*. or the computer employee exemption in 29 C.F.R. §541.400 *et seq*.  As determined by the U.S. Department of Labor in a letter dated October 26, 2007, a copy of which is attached hereto in Exhibit "A," the positions held by Plaintiff and the Collective Class are non-exempt and are covered by the minimum wage and overtime provisions of the FLSA.

32.    Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

33.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

34.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35.     Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

36.     Plaintiff, on behalf of himself and the Col1ective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 510 AND 1194

(Against all Defendants)

37.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-36, inclusive.

38.     During the Class period, California Labor Code Section 510 applied to Defendants' employment of Plaintiff and the rest of the Proposed Class.  At all times relevant hereto, Labor Code Section 510 required Defendants to compensate Plaintiff and the Proposed Class no less than one and one-half times their regular rate of pay for any hours worked in excess of eight (8) hours in any day and forty (40) hours in any one workweek, and further required Defendants to compensate Plaintiff and the Proposed Class no less than twice their regular rate of pay for any hours worked in excess of twelve (12) hours in any one day.  Labor Code Section 510 also required Defendants to compensate Plaintiff and the Proposed Class at a rate of no less than twice their regular rate of pay for any hours worked in excess of eight (8) hours on any seventh day of a workweek.  The time worked by Plaintiff and the Proposed Class, for calculation of the amount of overtime pay, included all time Plaintiff and the Proposed Class were required to engage in work for their

employer, including work performed at their employer's place of business and all other work performed in order to discharge their duties for their employer, such as work performed at home in order to respond to email, telephone and text inquiries which occurred after the normal business hours of Plaintiff and the Proposed Class as well as the time Plaintiff and the Proposed Class were required to be on-call.

39.     At times during the Class Period, Plaintiff and the Proposed Class were and are under Defendants' control and/or are required to work in excess of eight (8) hours in any day and/or more than forty (40) hours during the workweek, were required to work in excess of twelve (12) hours in one day, and were required to work more than eight (8) hours on the seventh day of a workweek.  Specifically, although the shift of Plaintiff and the Class was 8 hours long, Plaintiff and the Class were required, as part of their regular job duties, to keep their cellular telephones with them at all times and were regularly required to respond to texts, telephone calls and emails after their shifts ended.  Additionally, Plaintiff and the Class were each required to work 24 hours for 7 consecutive days on many occasions.

40.     Despite having worked such overtime, Plaintiff and the Proposed Class were not compensated for this time at the applicable overtime rates. Accordingly, Plaintiff and the rest of the Proposed Class are entitled to recover from Defendants unpaid overtime for instances in which they worked (1) in excess of eight (8) hours in any day, (2) in excess of forty (40) hours during the workweek, (3) in excess of twelve (12) hours in one day, and (4) more than eight (8) hours on the seventh day of a workweek at any time within the four years prior to the initiation of this action until the date that the Proposed Class is certified, together with their reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

## FOR VIOLATION OF LABOR CODE §§ 512(a) AND 226.7
## AND THE APPLICABLE IWC WAGE ORDER

(Against all Defendants)

41.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-40, inclusive.

42.     During the Class period, California Labor Code Sections 226.7(b), 512(a) and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the Proposed Class.  Labor Code Section 226.7(b) provides that employers such as Defendants may not require employees such as the Proposed Class members to work during any meal or rest period mandated by an applicable order of the IWC.  At all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Order also provided that employers such as Defendants may not require or permit an employee such as Plaintiff or a member of the Proposed Class to work a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is or was no more than six (6) hours, the meal period could and can be waived by mutual consent of both the employer and employee.  At all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Order also required Defendants, every time Plaintiff or any member of the Proposed Class worked a period of five (5) or more hours per day, to permit Plaintiff and the Proposed Class the opportunity to take a thirty (30) minute uninterrupted meal break during which time Plaintiff and the Proposed Class were and are free to leave the premises and were and are relieved of all duty.  At all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Wage Order also required Defendants to provide a meal break to Plaintiff and the Proposed Class after no more than five hours of work.  Furthermore, at all times relevant hereto, Labor Code Section 512(a) and the applicable IWC

Wage Order provided that employers such as Defendants could not require or permit an employee such as Plaintiff or a member of the Proposed Class to work a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is or was no more than twelve (12) hours, the second meal period could and may be waived by mutual consent of the employer and the employee only if the first meal period is not waived.

43.     In addition, at all relevant times hereto, the applicable IWC Wage Order obligated Defendants to provide Plaintiff and the Proposed Class ten (10) minutes rest for shifts from three and one-half to six hours in length, twenty (20) minutes rest for shifts of more than six hours up to ten (10) hours, and thirty (30) minutes rest for shifts of more than ten (10) hours up to fourteen (14) hours.

44.     During the Class period, Plaintiff and the rest of Proposed Class were regularly required by Defendants to work more than five (5) hours per day before they were given the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the Proposed Class were and are free to leave the premises and were and are relieved of all duty, with the exception of those employees who worked six (6) hours or less per day and legally waived their meal periods by mutual written consent.  Furthermore, during the Class period, Plaintiff and the Proposed Class were required by Defendants to work more than ten (10) hours per day without receiving a second meal period of not less than thirty (30) minutes, with the exception of those employees who worked twelve (12) hours or less per day and legally waived their second meal periods by mutual written consent.  Among other things, Defendants did not provide thirty-minute uninterrupted meal breaks during which Plaintiff and the Proposed Class were free to leave the premises

and were relieved of all duty.  In addition, during the Class Period, Defendants failed to provide Plaintiff and the rest of the Proposed Class with required rest periods in violation of Labor Code Section 226.7(b) and the applicable IWC Wage Order.

45.     During the Class Period, Defendants failed to compensate Plaintiff and the rest of the Proposed Class for work performed during meal and rest periods that were not provided and thereby violated Labor Code Sections 226.7(b) and 512(a) and the applicable IWC order.  Accordingly, pursuant to Labor Code Section 226.7(c), Plaintiff and the rest of the Proposed Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a meal or rest period was not provided, plus their reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

### FOR VIOLATION OF LABOR CODE SECTION 226(a)

(Against all Defendants)

46.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-45, inclusive.

47.     During the Class period, Labor Code Section 226(a) applied to Defendants' employment of Plaintiff and the rest of the Proposed Class.  At all times relevant hereto, Labor Code Section 226(a) required that employers such as Defendants furnish to their employees, semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing such matters as the gross wages earned, the total hours worked, the net wages earned and all applicable hourly rates, during the pay period, as well as the name and address of the entity which employed them.

48.     Plaintiff is informed and believes and, based thereon, alleges that during the Class period Defendants knowingly and intentionally failed to provide such accurate itemized wage statements to Plaintiff and the members

of the Proposed Class, in that, among other things, such statements failed to show accurately, the gross and net wages earned and all applicable hourly rates and therefore Defendants violated Labor Code Section 226(a). Plaintiff and the rest of the Proposed Class suffered injury as a result of Defendants' failure to comply with Labor Code Section 226(a).

49. Accordingly, pursuant to Labor Code Section 226(e), Plaintiff and each member of the Proposed Class is entitled to recover from Defendants the greater of their actual damages or fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one hundred dollars ($100) for each subsequent violation, up to a maximum of $4,000 per Class member at the then applicable legal rates at the time of adjudication, plus their reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE SECTIONS 201 AND 202

### (Against all Defendants)

50. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-49, inclusive.

51. During the Class period, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the rest of the California Class. At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants discharged an employee such as a member of the California Class, the wages earned and unpaid at the time of discharge were due and payable immediately. Furthermore, at all relevant times Labor Code Section 202 provided and provides that, if an employee such as a member of the California Class voluntarily leaves his or her employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous

notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

52.     Plaintiff and other members of the California Class left their position of employment at Defendants' business during the California Class period.  However, Defendants did not pay Plaintiff and the California Class all of the wages that were due to Plaintiff and the California Class within the time required by sections 201 and 202.  Plaintiff and the California Class are informed and believe and, based thereon, allege that, during the California Class period, Defendants willfully failed to pay Plaintiff and the members of the California Class who are former employees their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting.  Defendants therefore violated Labor Code Section 201 and 202.

53.     During the California Class period, Labor Code Section 203 provided that, if an employer such as Defendants fails to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.  Accordingly, Plaintiff and the members of the California Class who were discharged or who quit during the California Class period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days, plus interest, costs and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE
### SECTIONS 17200 *ET SEQ.*

(Against all Defendants)

54. Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-53, inclusive.

55. During the California Class period, Defendants' practices, as alleged above, have been and continue to be unfair, fraudulent and illegal, and harmful to Plaintiff, the rest of the Proposed Class and the general public.  Defendants' above-alleged practices constitute violations of Business and Professions Code Sections 17200 *et seq.*  Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 *et seq.*

56. Among other things, the following practices of Defendants, as alleged above, constitute unfair business practices:

a.  Defendants' failure to provide Plaintiff and the Proposed Class with timely meal breaks in violation of Labor Code Sections 226.7(b), 512(a) and the applicable IWC Wage Order;

b.  Defendants' failure to compensate Plaintiff and the Proposed Class for their untimely meal breaks, as required by Labor Code Section 226.7(c); and

c.  Defendants' failure to pay Plaintiff and the Proposed Class for overtime hours worked at over time rates of pay.

57. Accordingly, pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiff and the rest of the Proposed Class are entitled to restitution of wages and other property held by Defendants and/or injunctive relief requiring Defendants to pay all wages and other sums due to the Proposed Class during the California Class Period.

58. Furthermore, unless and until enjoined and restrained by order of this Court, such unfair, fraudulent or illegal practices by Defendants will cause great and irreparable injury to Plaintiff and all members of the Proposed Class.

59. Plaintiff and the rest of the Proposed Class have no other adequate remedy at law to ensure compliance with California's labor laws, and, consequently, Plaintiff and the Proposed Class are entitled to preliminary and

permanent injunctive relief restraining Defendants from engaging in continuing unfair business practices.

60. Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that he has suffered an injury in fact and has lost money as a result of Defendants' policies, practices and procedures, as more fully set forth elsewhere in this pleading.

## SEVENTH CLAIM FOR RELIEF

### FOR CONVERSION OF WAGES AND COMPENSATION

(Against all Defendants)

61. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-60, inclusive.

62. As alleged herein, Plaintiff and the rest of the Proposed Class have property rights to certain wages or other compensation on account of Defendants' various violations of California labor laws. Plaintiff and the rest of the Proposed Class are entitled to receive payment of such wages and other compensation pursuant to Labor Code Sections 1197 *et seq*. As a consequence, such wages and other compensation constitute property belonging to Plaintiff and the rest of the Proposed Class. Further, this property constitutes a certain sum capable of being identified with precision through discovery of Defendants' business records.

63. By virtue of Defendants' failure to pay such wages and other compensation to Plaintiff and the rest of the Proposed Class and continued withholding of such wages and other compensation from the Proposed Class, Defendants have intentionally deprived Plaintiff and the rest of the Proposed Class of possession and use of their property and have intentionally converted the property to Defendants' own improper use. Plaintiff and the rest of the Proposed Class did not give their consent to Defendants' actions, and

Defendants' actions have been a substantial factor in causing harm to Plaintiff and the rest of the Proposed Class.

64. Defendants acted with the intent to cause injury to Plaintiff and the rest of the Proposed Class, and their conduct is despicable and was done with a willful and knowing disregard of the rights of Plaintiff and the rest of the Proposed Class. Furthermore, Defendants' conduct was despicable and subjected Plaintiff and the rest of the Proposed Class to cruel and unjust hardship in knowing disregard of the rights of Plaintiff and the rest of the Proposed Class. As a consequence, Defendants are liable for punitive damages to the Proposed Class by way of example and punishment.

## PRAYER

WHEREFORE, Plaintiff on behalf of himself and all members of the Collective Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class, apprising them of the pendency of this action, and permitting them to opt-in and assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as the representative plaintiff of the Collective Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E. Costs of suit incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Post-judgment interest, as provided by law; and

H.      Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff on behalf of himself and all members of the California Class, prays for relief against all Defendants as follows:

**ON THE SECOND CLAIM FOR RELIEF**

1.      For damages for unpaid minimum wages under Labor Code Section 1194 for Defendants' failure to pay the Proposed Class the minimum wage for all hours worked;

2.      For liquidated damages pursuant to Labor Code Section 1194.2;

3.      For prejudgment interest; and

4.      For reasonable attorneys' fees and costs under Labor Code Section 1194.

**ON THE THIRD CLAIM FOR RELIEF**

1.      For damages for unpaid compensation for failing to provide timely and uninterrupted meal periods and/or rest periods;

2.      For prejudgment interest; and

3.      For reasonable attorneys' fees and costs under Labor Code Section 218.5.

**ON THE FOURTH CLAIM FOR RELIEF**

1.      For damages under Labor Code 226(e) for the failure to provide accurate wage statements in accordance with Labor Code §226(a);

2.      For an order requiring Defendants to comply with Labor Code Section 226(a) with respect to Plaintiff and all other currently employed Class members; and

3.      For reasonable attorneys' fees under Labor Code Sections 226(e), 226(g) and 1194.

//

//

CLASS ACTION COMPLAINT

**ON THE FIFTH CAUSE OF ACTION**

1. For the wages of each Class member at their regular daily rate up to a maximum of thirty (30) days;

2. For prejudgment interest; and

3. For reasonable attorneys' fees.

**ON THE SIXTH CLAIM FOR RELIEF**

1. For restitution of all unpaid wages, overtime and other monies withheld from Plaintiff and the rest of the Proposed Class as a result of Defendants' unfair, unlawful or fraudulent business practices;

2. For an order enjoining Defendants from further unfair, unlawful or fraudulent business practices in violation of Business and Professions Code Section 17200; and

3. For reasonable attorneys' fees and costs under Code of Civil Procedure Section 1021.5.

**ON THE SEVENTH CLAIM FOR RELIEF**

1. For compensatory damages;

2. For prejudgment interest; and

3. For punitive damages.

**ON ALL STATE LAW CLAIMS FOR RELIEF:**

1. That the Court determine that this action may proceed as a class action under Rule 23(b)(1), (2) and (3);

2. For certification of the action as a class action;

3. For designation of Plaintiff as the representative of the California Class he seeks to represent;

4. For a designation of Plaintiff's counsel of record as Class Counsel for the California Class;

CLASS ACTION COMPLAINT

5.    For a declaratory judgment that the practices complained of herein are unlawful under California law;

6.    For pre-judgment and post-judgment interest, as provided by law;

7.    For attorneys' fees and costs of suit, including expert fees and costs pursuant to Civil Procedure Section 1021.5, the "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or doctrine; and,

8.    For such further and other injunctive and equitable relief as the Court may deem just and proper.


DATED:  October 13, 2016          GARTENBERG GELFAND HAYTON LLP


By:   /s/ Aaron C. Gundzik
          Aaron C. Gundzik

Attorneys for Plaintiff Alexis Maitchoukow, individually and on behalf of all others similarly situated

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury for himself and the rest of the Collective Class and Proposed Class on all claims so triable pursuant to Rule 38(b) if the Federal Rules of Civil Procedure.

DATED:  October 13, 2016        GARTENBERG GELFAND HAYTON LLP

By:   /s/ *Aaron C. Gundzik*
                    Aaron C. Gundzik

Attorneys for Alexis Maitchoukow,
individually and on behalf of all others
similarly situated